IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERNESTO RIVERA, JOHNNY MIZE, ROBERT STEVEN PRITCHETT, AND DORA SMITH, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:19-CV-7 |
| BMW OF NORTH AMERICA, LLC, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY WITHOUT PREJUDICE AS MOOT DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant BMW of North America, LLC's ("Defendant") Motion to Dismiss [ECF 9] and Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 14]. In response to Defendant's original Motion to Dismiss [ECF 9], Plaintiffs filed their First Amended Complaint [ECF 12], which prompted Defendant to file its Motion to Dismiss Plaintiffs' First Amended Complaint [ECF 14].

Plaintiffs' amended complaint renders the original complaint of no legal effect because the amended complaint does not refer to, adopt, or incorporate by reference the original complaint. *See State Farm Lloyds v. Tony Ray Brown*, No. 3:08-CV-318-O, 2009 WL 10678159, at *1 (N.D. Tex. Jan. 16, 2009) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

An amended complaint generally, but not always, renders pending motions moot. *See, e.g., Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-CV-03791-N, 2016 WL 11474103, at *2

(N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot."); *Stredwick v. Dallas Margarita Soc'y, Inc.*, No. 3:12-CV-623-F, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) ("The filing of an amended complaint generally renders pending motions moot."). "[A] motion to dismiss that attacks the original complaint for deficiencies that persist in the amended complaint should not necessarily always be denied as moot. Rather, the court has the discretion to apply the original motion to dismiss to the amended complaint." *New World Int'l, Inc. v. Ford Glob. Techs.*, LLC, No. 3:16-CV-1112-M, 2017 WL 1078525, at *5 (N.D. Tex. Mar. 22, 2017).

The Court need not determine whether the original motion to dismiss should apply to the amended complaint because Defendant filed a new motion to dismiss directly addressing the amended complaint.[1] Accordingly, the Court recommends the original motion to dismiss [ECF 9] be DENIED as moot without prejudice. *See Delgado v. Southern Tire Mart, LLC*, No. SA–16–CA–01137–FB, 2017 WL 7805759, at *1 (W.D. Tex. Sept. 22, 2017) (denying as moot Defendant's original motion to dismiss when an amended complaint and motion to dismiss amended complaint were subsequently filed).

## RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Defendant's Motion to Dismiss [ECF 9] be DENIED without prejudice as moot.

---

[1] By filing its new Motion to Dismiss [ECF 14], which contains modified and updated arguments that attack the amended complaint and its new allegations, Defendant seems to agree the original motion to dismiss is moot.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED March 14, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).