IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| JOHNNY MIZE, ROBERT STEVEN PRITCHETT, AND DORA SMITH | § § § |
| Plaintiffs, | § § |
| v. | §  2:19-CV-7-Z-BR |
| | § |
| BMW OF NORTH AMERICA, LLC | § § |
| Respondent. | § |

## ORDER

Before the Court are the findings, conclusions, and recommendation of the United States Magistrate Judge to deny in part and grant in part Defendant's Motion for Summary Judgment. (ECF No. 123). On October 15, 2021, Defendant timely filed objections to the findings, conclusions, and recommendation. (ECF No. 126). After making an independent review of the pleadings, files, and records in this case, the Court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct except for the conclusion that BMW NA conceded its agency relationship. (ECF No. 123, at fn 2). Rather, there is a genuine issue of fact regarding whether an implied agency relationship existed. It is therefore **ORDERED** that the objections filed by Defendant are **OVERRULED**, the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED**, and the Defendant's Motion for Summary Judgment is **GRANTED in part** regarding Plaintiffs' class action tolling argument on the MMWA claims and Pritchett's MMWA claims, and **DENIED in part** regarding Mize's and Smith's MMWA claims, Plaintiffs' express warranty claims, and Plaintiffs' DTPA Claims.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 56(a), (c)(1), 15 U.S.C § 2302, and TEX. BUS. & COM. CODE § 17.565, the Court ADOPTS and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that (1) fraudulent concealment properly tolled the MMWA limitations period for Dora and Mize, but not for Pritchett; (2) genuine issues of material fact exist for Plaintiffs' express-warranty claims; (3) genuine issues of material fact exist that extend Plaintiffs' DTPA claims; and (4) the economic loss rule is inapplicable. (ECF No. 123).

The Magistrate Judge properly concludes that Manzari's expert report creates a genuine issue of material fact for the Plaintiffs' express warranty claims and the tolling of their DTPA claims. (ECF No. 123). The report is based on Manzari's professional industry experience and review of documents, meaning that a reasonable jury could credit his testimony. FED. R. CIV. PROC. 56(c)(4); *See Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 746–47 (5th Cir. 2017). Because there are questions of material fact as to whether BMW is liable under the DTPA claims, there is more than a mere contractual duty that was breached, meaning the economic-loss rule is inapplicable. *LAN/STV v. Martin K. Eby Const. Co., Inc.*, 435 S.W.3d 234, 235 (Tex. 2014).

These fact issues properly toll the statute of limitations period for fraudulent concealment purposes for Smith and Mize, but not Pritchett. *S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996); *see also Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015). Even with the benefit of fraudulent concealment tolling, Pritchett's MMWA claim accrued approximately six months before his case was filed; therefore, it is untimely. (ECF No. 123, at 12–13). Class action tolling does not apply to a Texas statute of limitations; therefore, it is not applicable to Plaintiffs. *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1147 (5th Cir. 1997).

The Court rejects the Magistrate Judge's finding that BMW conceded that its licensed dealerships were acting as its agents; however, the result is unchanged as there is an issue of material fact regarding whether an implied agency relationship existed. *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994). "Agency is never presumed; it must be shown affirmatively, and the party who asserts existence of agency relationship has burden of proving it." *Id.* However, an agency relationship may be implied when at the time of contracting: (1) there are manifestations of an agency relationship by the alleged principle; (2) the alleged agent accepted the arrangement; and (3) both parties understood that the agent would be acting under the principal's control. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 870 (5th Cir. 2000). Whether an agency relationship was created is typically an issue of fact. *Id.*

Manzari's expert report indicates that BMW was aware of the oil consumption issue and instructed its authorized dealers — who acted at BMW's direction — to add extra oil to vehicles rather than replace the faulty engines. (ECF No. 70-4, ¶ 48). Further, there is evidence that BMW issued a guide as an "argumentation aid" that BMW instructed dealers to use when customers complained of excessive oil consumption, concealing the issue of the leaking valve stem seals. (ECF No. 70-4, ¶ 50). The Manzari report provides sufficient evidence to create a genuine issue of material fact regarding whether: (1) BMW manifested the existence of an agency relationship; (2) the authorized dealerships acted at the direction of BMW; and (3) that both parties understood the agreement.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's findings, conclusions, and recommendation. The Court finds Defendant's Motion for Summary Judgement should be and is hereby **GRANTED in part** and **DENIED in part**.

**SO ORDERED.**

December __17__, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE